UNITED STATES, Appellant and Cross-Appellee

v

DEE W. DOWNING, Jr., Private, U. S. Marine Corps, Appellee and Cross-Appellant

11 USCMA 650, 29 CMR 466

No. 13,815

Decided July 15, 1960

*Major Elvin R. Coon, Jr.,* USMC, argued the cause for Appellant and Cross-Appellee, United States.

*Commander John P. Gibbons,* USN, argued the cause for Appellee and Cross-Appellant, Accused.

## Opinion of the Court

PER CURIAM:

In a trial before a special court-martial, the accused entered a plea of guilty to an eight-day absence without authority, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The president of the court gave the usual instructions on the legal effect of the plea and then informed the accused that he could be sentenced to the maximum punishment for the offense to which he pleaded guilty. The accused acknowledged that he understood the meaning and effect of his judicial confession and persisted in acknowledging his guilt. Thereafter the court-martial returned a finding of guilty and then proceeded to hear evidence touching on the suitability of punishment. Trial counsel offered in evidence extract portions of accused's service record and thereby established that accused had been four times previously convicted by court-martial. After the parties had completed their presentation of evidence in extenuation, mitigation and aggravation, the president of the court gave the following instruction:

"PRES: I will now instruct the court on the maximum legal punishment. The maximum punishment which may be adjudged by a Special court-martial in any case is the maximum punishment for that type of court or the maximum total punishment for the separate offenses of which the accused is convicted, whichever is the lesser punishment. In this case the lesser punishment is the maximum limit for a Special court-martial.

"PRES: The maximum punishment which a Special court-martial may impose is a Bad Conduct Discharge, confinement at hard labor for six (6) months, forfeiture of two-thirds pay per month for six (6) months, and where the accused is not a private, reduction to the rank of private."

It is to be noted that when he an-nounced the maximum sentence which could be imposed, the president did not inform the accused of the increased penalty permitted by Section B of the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1951, and again interrogate him about withdrawing or permitting his plea to stand. Thereafter, the court sentenced the accused to a bad-conduct discharge, confinement for six months and forfeitures of $70.00 per month for a like period. The officer exercising general court-martial jurisdiction reduced the confinement and forfeitures to a four-months period, but otherwise affirmed. On appeal to the board of review, the accused benefited further, for that tribunal held that the president of the court erred in not offering the accused an opportunity to withdraw his plea when the imposable penalty was increased because of the previous convictions. In order to cure the error found, the board further reduced accused's sentence by eliminating the punitive discharge. Thereafter The Judge Advocate General of the Navy certified the record to this Court to determine the correctness of the board of review's decision.

In the recent case of United States v Zemartis, 10 USCMA 353, 27 CMR 427, a majority of the Court ██ held that a president of a special court-martial erred when he failed to inform the accused that evidence of two or more previous offenses would subject him to a bad-conduct discharge and that, because of the increase in punishment, he was at liberty to withdraw his plea of guilty. While the Government seeks to differentiate the instant case from *Zemartis,* we believe they are sufficiently analogous to be governed by the same principle. Therefore, on the authority of that case, the certified question is answered favorably to the board of review's ruling.

The accused also cross-petitioned this.

Court for review, which we granted to determine whether the ▮▮▮▮ president's instructions on maximum sentence, quoted hereinbefore, were erroneous. In United States v Green, 11 USCMA 478, 29 CMR 294, this Court held it was error to instruct on the limits of punishment for the particular offense as prescribed by the Table of Maximum Punishments when those limits exceed the jurisdiction of a special court-martial. Appellate defense counsel cite that case in support of their position, and for the purpose of this case we are willing to assume they are correct. However, in light of the action taken by the board of review in purging the error involved in the certified issue, it is evident that the board has already reassessed the sentence for appropriateness utilizing a standard of permissible punishment below that which a special court-martial may impose. Accordingly, the assigned error must be resolved adversely to accused.

For the foregoing reasons, the decision of the board of review is affirmed.