UNITED STATES, Appellee

v

HAROLD D. BRUNER, Private, U. S. Marine Corps, Appellant

11 USCMA 658, 29 CMR 474

No. 13,955

Decided July 15, 1960

Lieutenant Colonel M. G. Truesdale, USMC, argued the cause for Appellant, Accused.

Major Elvin R. Coon, Jr., USMC, and Commander Craig McKee were on the brief for Appellee, United States.

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886. He was sentenced to bad-conduct discharge, forfeiture of $45.00 per month for nine months, and confinement at hard labor for nine months. Intermediate appellate authorities affirmed, and we granted accused's petition for review on the issue whether the sentence adjudged was legal.

Accused absented himself without leave on February 15, 1952. The absence was terminated on October 26, 1959. On the date of accused's departure, the Manual for Courts-Martial, United States, 1951, in paragraph 127c, provided a maximum punishment of dishonorable discharge, total forfeitures, confinement for six months, and reduction to the lowest enlisted grade for any absence without leave in excess of sixty days. In 1954, the President amended that provision of the Manual to increase the punishment for unauthorized absences in excess of thirty days to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Executive Order 10565, September 28, 1954, 16 FR 6299. The law officer instructed the court-martial before which accused appeared that the increased limitation governed the penalty for his crime.

The offense of absence without leave is committed on the day on which the absence is initiated.  United States v Emerson, 1 USCMA 43, 1 CMR 43; United States v Lovell, 7 USCMA 445, 22 CMR 235; United States v Posnick, 8 USCMA 201, 24 CMR 11. The punishment for a crime is governed by the penalty in effect at the time of its commission, unless it has been subsequently lessened. United States v Sippel, 4 USCMA 50, 15 CMR 50; United States v Downard, 1 USCMA 346, 3 CMR 80. Thus, it is clear beyond cavil that the maximum punishment which could have been imposed upon the accused for his offense was dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for six months. United States v Perry, 17 CMR 548; United States v Smith, 18 CMR 346. Accordingly, the law officer erred prejudicially in instructing the court-martial that the limitation set forth in Executive Order 10565, supra, applied in accused's case.

The accused prays only for reassessment of sentence at the board of review level. Thus, we grant relief only to that extent.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy for action consistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.