No. 17,802. United States v William C. Hewett, PFC, U. S. Marine Corps. (NCM 64–0473).

On consideration of the Petition for Grant of Review of the decision of the Board of Review in case No. NCM 64–0473 of the United States Navy it appears that the accused's absence without leave commenced on March 6, 1952, and was, for the purpose of determining the correct maximum punishment, committed on that date, but that the law officer improperly utilized the provisions of Executive Order 10565, September 28, 1954, 16 FR 6299, to inform the court-martial that the maximum punishment which might be imposed extended to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction. The court adjudged a sentence which included that maximum, and such has been approved at every level. Insofar as it purports to adjudge confinement at hard labor in excess of a period of six months, the sentence is illegal and void. United States v Bruner, 11 USCMA 658, 29 CMR 474; United States v Emerson, 1 USCMA 43, 1 CMR 43. It is, therefore, by the Court, this 24th day of July, 1964,

ORDERED:

That said Petition be, and the same is, hereby granted.

The decision of the Board of Review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The Board of Review may reassess the sentence or order a rehearing thereon.

September 25, 1964

No. 17,585. United States v Kurt W. Brux, CPL, U. S. Marine Corps (WC NCM 63–00948).

On consideration of appellate defense counsel's motions to withdraw the motion to remand, dated September 21, 1964, and to remand the above-entitled action to the Board of Review for reconsideration of the mental condition of the accused, it is, by the Court, this 25th day of September, 1964,

ORDERED:

That said motions be, and the same are hereby granted, and further that the original record of trial be returned to The Judge Advocate General of the Navy for reference to the Board of Review.