UNITED STATES, Appellee

v

JESSIE T. HARRIS, Private,
U. S. Marine Corps, Appellant

21 USCMA 590, 45 CMR 364

No. 25,275

August 18, 1972

 

*Captain F. G. Schonenberg, Jr.,* USMCR, argued the cause for Appellant, Accused.

*Lieutenant Steven C. Cross,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Commander Michael F. Fasanaro, Jr.,* JAGC, USN, and *Captain John P. Proctor,* USMCR.

## Opinion of the Court

DUNCAN, Judge:

The question before us in this case stems from the action of the convening authority in approving a date for the commencement of the unlawful absence in Charge II other than that charged and found by the court.

The specification of Charge II alleged that the appellant unlawfully absented himself from Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California, on or about December 3, 1969, and remained so absent in desertion until apprehended on or about April 1, 1971. He was found guilty as charged.

Appellant, who previously had been absent without authority, turned himself in to the Federal Bureau of Investigation at Tampa, Florida, on November 4, 1969. The Government introduced appellant's official records indicating another unauthorized absence beginning on December 3, 1969. Private Harris testified that he was transferred to Instructor Company, Schools Battalion, sometime in December; that he was present at Camp Pendleton on Christmas 1969 and New Years Day 1970. The defense presented certain documentary evidence to substantiate his testimony. A charge sheet showed that on December 9, 1969, appellant was informed by an officer that he would be tried by special court-martial for the earlier unauthorized absence. Envelopes addressed to Corporal Jessie T. Harris, 2134782, Instructor Company, Schools Battalion, Camp Pendleton, California,

and postmarked December 9, 18, 1969, were received in evidence. Additionally, an envelope addressed to Jessie T. Harris, Instructor Company, Schools Battalion, dated December 20, 1969, and another envelope bearing the return address of Corporal Jessie T. Harris at the Instructor Company were admitted in evidence. The appellant's service record did not indicate a transfer to Instructor Company.

The military judge's special findings, in pertinent part, are as follows:

". . . Private HARRIS was at all time[s] a permanent member of Student Company and was not transferred to Instructor Company by competent authority.

". . . [T]he court is convinced that Private HARRIS did not believe that he was transferred to Instructor Company and the court does not speculate as to why Instructor Company address was used.

". . . Private HARRIS on 3 December 1969 absented himself without authority from Student Company at sometime during his absences intended at sometime to remain away permanently from Student Company and remained so absent in desertion until 1 April 1971 when he was apprehended in Tampa, Florida."

The convening authority, upon the advice of his staff judge advocate, approved a finding of desertion for the period January 2, 1970, to April 1,

1971.[1] Acting on appellant's sentence to a bad-conduct discharge, forfeiture of $100.00 per month for twelve months, and confinement at hard labor for twelve months, the convening authority suspended the punitive discharge and eight months of the forfeitures and confinement.

The appellant challenges the convening authority's finding that the absence began January 2, 1970, claiming that the Government has not established that date by proof. This being the case, counsel argues, the evidence is insufficient as a matter of law to prove beyond a reasonable doubt the inception date for the absence which ended April 1, 1971.

The Government takes the position that the change in inception dates by the convening authority was only an action of clemency (Article 64, Uniform Code of Military Justice, 10 USC § 864), and that "the *entire* absence is supported by the evidence at the trial."

We do not consider the convening authority's action as only a matter of clemency. While the █ staff judge advocate, in his rationalization of the evidence, opined that the factual issue regarding the initial date of departure was "correctly resolved," he also commented:

"d. As with Charge I,[2] the date of departure in Charge II was disputed by the accused's testimony, and furthermore by Defense Exhibits I–M. Particularly militating against the date of departure charged (3 December 1969) is Exhibit M, whereby a Marine Corps commissioned officer certified he informed the accused of sworn charges on 9 December 1969. In line with this evidence, and in consideration of the confusing circumstances surrounding this unauthorized departure, the findings as to Charge II will be modified to conform the date of departure with the day following 1 January 1970, the latest date the accused testified he was at Camp Pendleton. . . ."

The conflicting posture of the evidence concerning whether Harris was present or absent after December 3, 1969, was before the military judge who decided in favor of the Government's allegation of the inception of the absence. A broad view of the evidence of record shows the military judge's decision to have sufficient factual support. The same conflicting array of facts confronted the convening authority. The Government's clemency approach presumably is shaped around the staff judge advocate's opinion that although the trial judge's findings of fact were correct, the confusing state of the evidence somehow demands that the judge's finding of the inception date of the absence should be altered.

If the staff judge advocate's recommendation was followed, it appears that its inconsistency also was followed. In that event, we are unable to avoid the logical adversity of viewing the military judge's finding as correct, and then changing the date of the inception of the absence to be January 2, 1970. Such action has the look of expediency, but an attempted resolution of confusing fact questions in this fashion cannot be masked as clemency. Moreover, the evidence of record does not sufficiently support both dates. Being unable either to ignore the convening authority's modification of the finding of the date of departure or to reconcile the modification with the military judge's finding, we consider the convening authority's action to have resulted in finding the absence to have commenced January 2, 1970.

Appellee's clemency theory also is unattractive for the reason that whether the inception date was December 3 or January 2, there is no impact on the convening authority's power to alter the sentence.

---

[1] The Court of Military Review, finding the evidence insufficient to sustain a charge of desertion, approved only absence without leave for this period.

[2] The inception date of this absence was also modified based on testimony by the appellant.

In the early case of United States v Emerson, 1 USCMA 43, 46, 1 CMR 43 (1951), we held that the offense in question is complete as soon as the accused absents himself without proper authority and that the time of return goes "only to the gravity of the offense." Since the length of the absence increases the permissible punishment (paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition)), it is considered an aggravating circumstance and must be both alleged and established beyond a reasonable doubt. United States v Lovell, 7 USCMA 445, 22 CMR 235 (1956).

In *Lovell*, the Government established the initiation of the absence by an extract copy of the morning report of that accused's organization. However, upon defense counsel's objection, a second exhibit showing Lovell's return to military control was excluded from evidence. Since the Government was unable to establish a date of return, other than the date of trial at which Lovell was present, we affirmed an absence of only one day—the date of departure. In the case before us, the inception date of the absence rather than the return date is the pivotal issue. Proof █ of a date of inception obviously is indispensable to a successful prosecution for unauthorized absence if a conviction is to be had for an unauthorized absence which exceeds one day, the proven date of return.

In the case at bar had the trial judge determined that the appellant absented himself beginning █ January 2, 1970, that finding would not be supported by the evidence. Likewise, the convening authority's finding of the start of the absence on that date cannot stand.

Paragraph 164a, Manual, supra, provides in pertinent part:

". . . When the dates of the inception of an unauthorized absence and of a later return to military control are shown, it may be inferred that a continuous unauthorized absence existed for the entire period."

The Government is entitled to a presumption of continued absence only after first establishing a █ beginning. Contra to the Government's claim, if, in fact, Harris was present on January 2, 1970, such presence is deemed to be continued until the Government proves he became absent. A contrary rule effectively would shift the burden to the appellant to prove his presence after January 2, 1970. The burden of proof of a commencement date is a basic issue of proof which must be established by the Government.

In the case at bar, the all important date of the inception of the unauthorized absence, *as found by* █ *the convening authority,* is not supported by sufficient evidence. The record, however, contains additional evidence. Prosecution Exhibit 1, a page from the appellant's service record book, in addition to reflecting that the appellant went absent without leave on December 3, 1969, contains an official notation that he was dropped from the rolls of his organization and declared a deserter on January 9, 1970. While the entry is insufficient to establish that Harris was a deserter, a fact that the military judge specifically recognized at trial,[3] it is evident that the official who prepared the entry "knew, or ascertained through appropriate sources, that the accused . . . was in fact absent at the time the entry dropping him from the rolls was made." United States v Creamer, 1 USCMA 267, 272, 3 CMR

[3] The record of trial reflects that when he admitted Prosecution Exhibit 1 into evidence the military judge stated that he would disregard "the administrative entries showing he [appellant] had been dropped from the rolls and marked declaration of desertion." Apparently he was referring to the rule that such entries "are not evidence of intent to desert." Paragraph 164a Manual for Courts-Martial, United States, 1969 (Revised edition).

1 (1952). In such circumstances, there is evidence to support a finding that the appellant was absent on January 9, 1970, and that the absence presumably continued until April 1, 1971.

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge QUINN concur.