The decision of the United States Army Court of Military Review is affirmed.

**UNITED STATES, Appellee,**

v.

**Del R. POWELL, Private, U. S. Army, Appellant.**

**No. 29,516.**

U. S. Court of Military Appeals.

Sept. 19, 1975.

Colonel *Victor A. DeFiori,* Captain *Pete M. Dalmut,* and Captain *Anthony J. Siano* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen* was on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

Prior to sentencing, the prosecution offered two official record entries to establish a previous summary court-martial conviction of the appellant for larceny. The DA Form 20B[1] and DD Form 493[2] were both admitted into evidence without objection.

Pertinent Army regulations provide that the DD Form 493 extract will be prepared

1. Department of the Army Form 20B (Insert Sheet to DA Form 20), Record of Court-Martial Conviction.

2. Department of Defense Form 493, Extract of Military Records of Previous Convictions.

3. Paragraph 2–31, Army Regulation 27–10 (Dec. 12, 1973).

from the information provided on the DA Form 20B.[3] Thus, the admissibility of the DD Form 493 must turn upon the admissibility of the DA Form 20B.

Because the DA Form 20B affirmatively established that the required supervisory review had not been accomplished, the prior summary court-martial conviction was not final and should not have been considered by the trial judge in sentencing the appellant. *United States v. Heflin,* 23 U.S.C. M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975). Although the DD Form 493 extract indicates on its face that the prior conviction was final,[4] the presumption of regularity surrounding this entry was rebutted by the notation to the contrary on the DA Form 20B, the original source of information for the extract. Therefore, the trial judge erred in considering the DD Form 493 extract as evidence that the prior summary court-martial was final.

The decision of the US Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review. In its discretion, the court may cure the error by reassessment of the sentence, or it may return the case to the trial forum for a rehearing as to the sentence.

4. The date of supervisory or appellate review is entered in the block labeled, "Date Sentence Finally Approved," on the Form 493. Thus, a date entry in this block would indicate that the conviction was, in fact, final. *See* paragraph 2–31, AR 27–10 (Dec. 12, 1973).