UNITED STATES

v.

**Lindsey Paul MOORE, 546 06 9665 Fireman Recruit (E–1) U. S. Navy.**

**NCM 75 2951.**

U. S. Navy Court of Military Review.

Sentence Adjudged 12 Aug. 1975.

Decided 30 March 1976.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel. LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, LAPPIN and FULTON, JJ.

## DECISION

FULTON, Judge:

Appellant was acquitted of desertion from 25 September 1973 to 19 May 1975.[1] He was convicted of unauthorized absences from 27 August 1973 to 11 September 1973 and from 13 September 1973 to 24 September 1973 in violation of Article 86, 10 U.S.C. § 886, Uniform Code of Military Justice. The approved sentence provides for a bad conduct discharge, confinement at hard labor for 45 days, and forfeiture of $227.00 pay per month for two months.

Appellant assigns the following as error:

I. APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 1 UNDER CHARGE II IS IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO APPRISE APPELLANT THAT SHOULD HE BE CONVICTED OF EITHER OF THE OTHER OFFENSES ALLEGED, A BAD CONDUCT DISCHARGE WAS AN AUTHORIZED PUNISHMENT. *CF. UNITED STATES V. DOWNING*, 11 U.S.C.M.A. 650, 29 C.M.R. 466 (1960); *UNITED STATES V. ZEMARTIS*, 10 U.S.C.M.A. 353, 29 C.M.R. 427 (1959); MCM, 1969, PARAGRAPH 70*b*(2).

II. THE CONVENING AUTHORITY ERRONEOUSLY CONSIDERED, IN TAKING HIS ACTION IN APPELLANT'S CASE, A SUMMARY COURT–MARTIAL WHICH HAD NOT BEEN FINALLY REVIEWED.

1. Implicit in the not guilty finding was acquittal of the lesser included offense of unauthorized absence for the same period of time. *United States v. Boswell*, 8 U.S.C.M.A. 145, 23 C.M.R. 369 (1957).

III. THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR WHERE, AFTER ACQUITTING APPELLANT OF THE ABSENCE ALLEGED UNDER CHARGE I, HE CONSIDERED THAT ABSENCE WHEN HE SENTENCED APPELLANT.

Assignments I and II lack merit. We will grant relief on Assignment III.

Appellant was convicted of two unauthorized absences totalling 26 days. Appellant contends he was unfairly sentenced for the absence from 25 September 1973 until 19 May 1975 for which he was acquitted. The Government counters that since appellant admitted under oath that he was absent for one period of time from 13 September until 19 May 1975, such evidence was properly considered by the judge on sentencing.

Appellant was charged with two unlawful absences, one from 13 to 24 September 1973, and with desertion from 25 September 1973 until 19 May 1975. As a result of appellant's testimony that this was one continuous period of absence and that he always intended to return, the military judge found him guilty of the 13 to 24 September 1973 absence and acquitted him of desertion and unauthorized absence from 25 September 1973 to 19 May 1975, *see United States v. Harris*, 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972); *United States v. Bruner*, 11 U.S.C.M.A. 658, 29 C.M.R. 474 (1960).

At the conclusion of the presentencing proceedings the military judge stated, *inter alia* :

"I have considered the lengthy pretrial confinement the accused has served and I have considered *the fact that the accused was an unauthorized absentee from the United States Navy continuously from the 13th of September 1973 until the 19th of May 1975.*" (R. 54). (Emphasis added).

Thereafter a sentence was imposed which included a bad conduct discharge.

The inception date of a wrongful absence is an essential element of proof. It has been said that such proof "is indispensable to a successful prosecution for unauthorized absence if a conviction is to be had for an unauthorized absence which exceeds one day, the proven date of return." *United States v. Harris, supra*, 21 U.S.C.M.A. at 593, 45 C.M.R. at 367. Once such inception is proven, there then arises a justifiable inference that such absence continues until it is terminated. MCM, 1969 (Rev.), par. 164*a*.

The offense of absence without leave is committed on the day the absence commences. *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); *United States v. Lovell*, 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956); *United States v. Posnick*, 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957). The offense is complete on that date and the length of the absence is an aggravating circumstance which must be alleged and proven beyond a reasonable doubt. *United States v. Harris, supra*. Thus, the law is clear that unauthorized absence is not a continuing offense.[2]

If the military judge believed appellant's testimony that there was only one absence (completed on 13 September 1973) and that appellant always intended to return, then he faced a dilemma. The judge was obliged to find appellant not guilty of desertion, and since unauthorized absence is not a continuing offense, he was likewise bound to find him not guilty of the absence offense allegedly initiated and made complete on 25 September 1973. This was so despite appellant's judicial confession of absence for the period alleged. Under the rationale of *Boswell* and *Harris*, both *supra*, the judge's not guilty findings also extended to the pleaded aggravating circumstance of *unauthorized* absence for some 20 months subsequent to 25 September 1973.

---

2. ". . . A different view would compel the conclusion that absence without leave is a continuing offense, committed anew on each day of absence. This theory has been properly rejected by all the services. . . ." *United States v. Emerson, supra*, 1 U.S.C.M.A. at 46, 1 C.M.R. at 46 (1951).

We next turn to the use by the military judge of a period of unauthorized absence as an aggravating sentencing circumstance when the appellant has been found not guilty of an unlawful absence for that period of time.

The Manual for Courts-Martial was changed in 1969 to provide that as a basis for determining a sentence:

".  .  . the court may consider evidence of other offenses or acts of misconduct which were properly introduced in the case, even if that evidence does not meet the requirements of admissibility in 75b(2) and even if it was introduced for a limited purpose before findings. See 138g and 153b(2)(b).  .  .  ." MCM, 1969 (Rev.), par. 76a(2).

The Court of Military Appeals has held that the change was a valid exercise of the President's power to promulgate regulations prescribing court-martial procedures. *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970).

This is not to say, however, that there are no limits to what a court may consider during presentencing proceedings. *Cf. United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975); *United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975); *United States v. Powell*, 23 U.S.C.M.A. 553, 50 C.M.R. 772, 1 M.J. 164 (1975); *United States v. Reed*, 23 U.S.C.M.A. 558, 50 C.M.R. 777, 1 M.J. 166 (1975).

In *United States v. Terry*, 50 C.M.R. 252 (A.C.M.R.1975) one of the defense witnesses, Specialist Butts, gave evidence which defied belief. Following the presentencing proceedings the judge announced:

"The only reason that I am going to adjudge the sentence that I am about to adjudge is because I am convinced to an absolute certainty that the accused had suborned perjury in this case. That is the testimony of Specialist Butts." 50 C.M.R. 253.

The Army Court of Military Review in a well reasoned opinion concluded that such was an "improper consideration of an aggravating circumstance which effects the sentence," 50 C.M.R. 254, and reassessed the sentence to purge the error. *Cf. United States v. Phare*, 21 U.S.C.M.A. 244, 45 C.M.R. 18 (1972).

In *United States v. Shirey*, 42 C.M.R. 687 (A.C.M.R.1970) the charges originally referred to trial alleged appellant had unlawfully purchased U. S. postal money orders from American Express and Bank of America. Such allegations were subsequently struck by the court from the specifications. Thereafter, just before imposing sentence the trial judge stated:

".  .  . I have also, in deliberating upon your sentence, considered the matter that I struck out in those specifications as other acts of misconduct here. .  .  ."

The Army Court considered the remark prejudicial error and reassessed the sentence.

*United States v. Young*, No. 70 1403 (NCMR 22 September 1970), involved a clemency petition submitted to a court member after trial. Appellant had been convicted of assault and battery, Article 128, UCMJ, and acquitted of sodomy, Article 125, and of an indecent act, Article 133. The member did not recommend clemency, but added:

"I cannot in good conscience recommend a mitigating of the dismissal in this case. I was thoroughly convinced that Mr. Young was guilty of all the charges brought against him despite a very masterful and professional defense given him by his counsels. It is not my desire to bring unduly harsh punishment upon Mr. Young. My only desire was to remove him from the Naval Service and to assure that he could not at a future date be allowed to reenter (sic) the Service. To do this, I feel the Dismissal is necessary. Rspy, WNE" Slip opinion p. 4.

Judge Milano speaking for the majority stated:

"Undoubtedly it is the court's function to sentence the accused based upon the findings of guilty without regard for those offenses of which an accused was

acquitted. Determination of the findings and sentence are separate functions and the vote on each is unconnected. *United States v. Walker,* 7 U.S.C.M.A. 669, 23 C.M.R. 133 (1957). Accord. *United States v. Hurt,* 9 U.S.C.M.A. 735, 27 C.M.R. 3 (1958)." Slip opinion p. 5.

The Court concluded the members' remarks constituted error. A rehearing on the sentence was ordered.

■ We recognize that the remarks of the trial judge in the case *sub judice* may be subject to more than one interpretation:

"I have considered the lengthy pretrial confinement the accused has served and I have considered *the fact that the accused was an unauthorized absentee from the United States Navy continuously from the 13th of September 1973 until the 19th of May 1975."* (R. 54). (Emphasis added).

However, we are unable to distinguish *United States v. Young, supra,* and think there is a fair risk that the military judge may have been improperly influenced in his sentence deliberations by a consideration that the accused was guilty of a period of unauthorized absence for which he was acquitted. The assignment has merit, and accordingly, the sentence is set aside. The findings are affirmed.

The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on the sentence may be ordered before a different military judge. In the alternative, a sentence may be approved which does not include a punitive discharge.

Senior Judge NEWTON and Judge LAPPIN concur.