## UNITED STATES

v.

**Private (E–2) James T. IRVING, 263–94–5788, US Army, Personnel Control Facility, United States Army Signal Center and Fort Gordon, Fort Gordon, Georgia.**

**CM 434769.**

U. S. Army Court of Military Review.

Sentence Adjudged 22 March 1976.

Decided 31 Aug. 1976.

Appellate Counsel for the Accused: CPT Frank R. Newett, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT Lee D. Schinasi, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

At a trial by general court-martial before a military judge alone, the appellant entered a plea of guilty to a violation of Article 86, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 886). Although charged with desertion in violation of Article 85, UCMJ (10 U.S.C. § 885), the appellant was found guilty pursuant to his plea, of absence without leave and received the approved sentence as set forth above.

The appellant through counsel, asserts that error was committed in his trial in that:

APPELLANT'S PLEA OF GUILTY TO THE LESSER INCLUDED OFFENSE OF AWOL WAS IMPROVIDENT SINCE HIS TESTIMONY ESTABLISHED AN AFFIRMATIVE DEFENSE.

Appellant was charged with one specification of desertion terminated by apprehension. He pled guilty to the lesser included offense of absence without leave from 15 January 1969 to 27 January 1976. The military judge accepted the appellant's plea. However, during the providency inquiry, the appellant raised the issue of physical inability to return. The indication of the possibility of an affirmative defense covered the period of 15 January 1969 to on or about 1 April 1969. The military judge did not resolve the apparent inconsistency raised by the appellant's testimony.

■ The responsibility for accepting a plea of guilty is that of the military judge and such a plea should only be accepted after a searching inquiry.[1]

Article 45(a), UCMJ (10 U.S.C. § 845(a) ) provides in part:

"If an accused . . . after a plea of guilty sets up matter which is inconsistent with the plea, . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

■ Inconsistency between what is charged and pled with what is presented at trial will normally invalidate a plea.[2]

Here, the appellant was granted a 30-day leave prior to reporting for his new station. The uncontradicted evidence of record, established by the appellant, was that at the close of his leave he became ill and was placed in a local hospital where he remained for approximately three weeks. The appellant could not establish the exact dates upon which these events occurred. However, he testified that this illness and subsequent hospitalization continued from the alleged date of the inception of the AWOL (15 January 1969) until the latter part of March 1969.

■ Sickness which amounts to physical incapacity to report or otherwise comply with orders, and which is not self induced, is a legal excuse.[3]

1. *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. *United States v. Roby*, 23 U.S.C.M.A. 295, 297, 49 C.M.R. 544, 546 (1975).

3. *See* paragraph 165, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Amie*, 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957); *United States v. Heims*, 3 U.S.C.M.A. 418, 12 C.M.R. 174 (1953); *United States v. Edwards*, 18 C.M.R. 830 (A.F.B.R. 1955); *United States v. Phillips*, 14 C.M.R. 472 (N.B.R.1953).

 The offense of AWOL is complete as soon as the accused absents himself without proper authority and the time of return goes only to the gravity of the offense. Since the length of the offense increases the permissible punishment,[4] it is considered an aggravating circumstance and must be both alleged and established beyond a reasonable doubt.[5] Proof of a date of inception is indispensable to a successful prosecution for AWOL if a conviction is to be had for an AWOL which exceeds one day, *i. e.*, the proven date of return.[6]

 Here, the alleged period of AWOL covered a period of approximately seven years. The evidence of record clearly established the accused's guilt from the end of March 1969 to 27 January 1976. The appellant testified that upon his recovery and release from the hospital he made no attempt or effort to comply with his orders.

We may return this case for a rehearing as the appellant's plea is clearly improvident and the military judge's action in accepting the appellant's plea was error. However, we may also exercise our fact finding powers[7] and determine that the appellant's plea was provident to that portion of the alleged AWOL which is supported by evidence in the record of trial beyond a reasonable doubt.[8] This latter course of action appears to be appropriate and will result in a saving of judicial time and effort and at the same time protect the rights of the appellant.

We further note that the staff judge advocate failed to note the improvidency of the appellant's plea in the post-trial review. We will cure the errors by reassessing the sentence.

The other assigned errors have been considered and deemed to be not meritorious.

Accordingly, only so much of the finding of guilty is affirmed as finds that the appellant did, on 1 April 1969 absent himself without proper authority from his unit as alleged, and did remain so absent until on or about 27 January 1976.

Reassessing the sentence on the basis of the above-indicated errors and the entire record, the Court affirms the sentence.

Senior Judge BAILEY and Judge COOK concur.

**UNITED STATES**

---

4. Paragraph 127c, MCM 1969 (Rev.), *supra*.

5. *United States v. Lovell*, 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956).

6. *United States v. Harris*, 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972).

7. Article 66, UCMJ.

8. *United States v. Harris, supra. See also United States v. Reeder*, 45 C.M.R. 704, *affirmed*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972).