**UNITED STATES, Appellee,**

v.

**Specialist Five Earl M. SHEPPARD, SSN 263–88–7674, United States Army, Appellant.**

**CM 435897.**

U. S. Army Court of Military Review.

11 Nov. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Cap-

Baums' dissent in *United States v. Rankin*, 3 M.J. 1043 (N.C.M.R.1977).

tain Demmon F. Canner, JAGC, and Captain John H. Milne, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain William C. Kirk, JAGC, Captain Stephen S. Phillips, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before CARNE, COOK and COSTELLO, JJ.

## OPINION OF THE COURT

COSTELLO, Judge:

 Pursuant to his plea appellant was convicted of wrongful possession of hashish and a false pass, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. There were errors in the trial judge's inquiry which call the providence of his plea into question. *United States v. King*, 3 M.J. 458 (C.M.A. 1977); *United States v. Green*, 24 U.S.C. M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976); *United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

 There was also error in the computation of the maximum sentence, both by the trial judge and staff judge advocate. Because the offense of possession of 480 grams of hashish was committed during November 1976, the maximum confinement portion of the punishment for that offense was two years. *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977); *United States v. Courtney*, 51 C.M.R. 796, 1 M.J. 438 (C. M.A.1976).* In military practice, the punishment stated at the time of commission of the offense controls, unless it was later lessened. *United States v. Bruner*, 11 U.S. C.M.A. 658, 29 C.M.R. 474 (1960). Here the later change was an increase, so appellant faced a maximum of two years. *Bruner, supra. See also United States v. Brown,* 3 M.J. 844 (A.C.M.R.1977).

Ordinarily we would cure the *Bruner* error by reassessment at this level, but the other trial errors suggest that fuller relief is indicated.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CARNE concurs.

Judge COOK concurs in the result.

* 24 U.S.C.M.A. 280, 51 C.M.R. 796 (1976).