**UNITED STATES**

v.

**Airman Anthony H. DIAMOND, FR 131–56–0786 United States Air Force.**

**ACM S24577.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Nov. 1977.

Decided 26 May 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and First Lieutenant W. Alan Woodford, USAFR.

Before EARLY, FORAY and HERMAN, JJ.

## DECISION

HERMAN, Judge:

Tried before a special court-martial consisting of members, the accused pleaded guilty to a single specification of larceny of a motor vehicle, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 and was convicted as charged. We affirm a conviction of wrongful appropriation and reassess the sentence, since we find inadequate the inquiry conducted by the military judge to determine the intent of the accused supporting the more serious offense. See *United States v. Care*, 18 U.S. C.M.A. 535, 40 C.M.R. 247 (1969).

While on Castle Air Force Base, the accused "hot-wired" a 1964 Plymouth belonging to another Air Force member, and drove it to Stockton, California on a Friday evening. He was accompanied by his roommate; they had planned to stay the weekend in Stockton, but on Saturday the roommate decided to return to the air base. With the accused's knowledge and assent, the roommate was to drive the subject vehicle back to the base; on the way, and near the base, the car was rolled over and damaged considerably. The roommate thereupon abandoned it and returned to the base.

■ Nowhere in the replies to the military judge during the *Care* inquiry does the accused unequivocally state that he intended to permanently deprive the owner of the vehicle he wrongfully took, an essential element of the offense of larceny. On the contrary, it is more reasonable to infer from his answers an intent of temporary deprivation for a three day holiday weekend:

MJ: What were you intending to do with the car when you took it?

ACC: Drive it to Stockton and stay there for the weekend and then return home.

\* \* \* \* \* \*

MJ: What happened to the car? Did you drive the car to Stockton?

ACC: Yes, sir.

MJ: What happened to the car?

ACC: My roommate returned with it to Castle [Air Force Base] on Saturday.

MJ: Did you take your roommate with you?

ACC: Yes, sir, my roommate took the car from the parking lot on Saturday and came back to Castle. We left it at a parking lot in Stockton.

MJ: When you left on Friday when you took the car were you and your roommate together?

ACC: Yes, sir, we were.

MJ: Did he help you cross the wires?

ACC: Well sort of, sir; he was present when I did it; he assisted me.

MJ: Was it your idea to take the car or your roommate?

ACC: There was no set idea; it was a whim of impulse more or less.

MJ: Did you both get the same whim—the same impulse?

ACC: I wouldn't know if he did, but we both did it together.

MJ: Did your roommate tell you that he was returning the car on Saturday?

ACC: Yes sir, he did.

No other expression of intent was elicited during the *Care* inquiry. All the responses of the accused are consistent with the intent to return the vehicle: placing the car in a parking lot in Stockton, acceding to his friend's request to drive it back to the base; and, in particular, his own direct statement that he intended to stay in Stockton for the weekend and then "return home." We interpret this to mean return to the base with the vehicle.*

We find an insufficient basis established during the military judge's inquiry to warrant acceptance of a plea of guilty to the offense of larceny. We do, however, find that although the plea was improvident with respect to this offense, it was provident to the lesser included offense of wrongful appropriation. *United States v.*

*Macklin,* 47 C.M.R. 195 (N.C.M.R.1973); *United States v. Christensen,* 47 C.M.R. 58 (A.C.M.R.1973). See also, *United States v. Fernengel,* 11 U.S.C.M.A. 535, 29 C.M.R. 351 (1960); *United States v. Irving,* 2 M.J. 967 (A.C.M.R.1976) (plea improvident to longer absence without leave, provident to a shorter period); *United States v. Hart,* 49 C.M.R. 693 (A.C.M.R.1975) (plea improvident to burglary held provident to housebreaking).

■ We affirm the findings of guilty of the lesser included offense, wrongful appropriation of a motor vehicle. Reassessing the sentence in the light of this modification, we find appropriate only so much as provides for bad conduct discharge, confinement at hard labor for five months, forfeiture of $150 per month for five months and reduction to airman basic.

The findings and sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, concurs.

Judge FORAY absent.

---

* In a post-trial affidavit, the accused asserts that he intended at all times to return the car to the base, and gave his roommate a check to cover the cost of gasoline for this purpose. Although this confirms our analysis of the accused's replies, we do not rely upon the affidavit for our finding. The accused further avers that he pleaded guilty to larceny because he was convinced that evidence of another wrongful taking of a vehicle would have been admitted if he did not. Our finding that the military judge's inquiry into the guilty plea was inadequate for the offense of larceny renders this contention moot.