UNITED STATES

v.

Terry L. BUSH, 117 48 7559, Engineman Fireman (E–3), U.S. Navy.

NMCM 84 0747.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 Nov. 1983.

Decided 17 May 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

LT Charles M. Fresher, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior J., and MITCHELL and BARR, JJ.

GREGORY, Senior Judge:

Appellant was tried at a special court-martial bench trial for an unauthorized absence from 3 July 1978 to 20 October 1983, in violation of Article 86, Uniform Code of Military Justice (UCMJ). He pleaded guilty by exceptions and substitutions to an unauthorized absence from 3 July 1978 to 6 August 1978; however, the military judge found him guilty as charged. The convening authority approved these findings of guilty. The supervisory authority, however, altered the findings of guilty to reflect appellant's guilt of four separate specifications of unauthorized absence: 3 July 1978 to 6 August 1978, 6 August 1978 to 8 August 1978, 8 August 1978 to 12 January 1980, and 12 January 1980 to 20 October 1983.

Despite appellant's arguments to the contrary, we find ample justification for the supervisory authority's action in *United States v. Francis*, 15 M.J. 424 (C.M.A.1983). In *Francis*, the Court of Military Appeals rejected the premise that an accused charged with one offense could not be found guilty of more than one at the same trial and indicated that the contrary conclusion emanating from *United States v. Reeder*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972), is erroneous. *Id.* at 429. The findings of guilty approved by the supervisory authority are consistent with the testimony of appellant detailing his whereabouts and actions from 3 July 1978 to 20 October 1983. (R. 19–30). *See also United States v. Reveley*, No. 84 0987 (N.M.C.M.R. 30 April 1984).

**686**

 In addition, we do not concur in the contention of trial defense counsel in his response to the staff judge advocate's post-trial review that the "new offenses" would be barred by the statute of limitations. Under paragraph 215d, *Manual for Courts-Martial, 1969 (rev.)*, if new charges are drafted or the original charges are amended so as to change the nature of the offense charged, receipt of the original charges will not toll the statute of limitations. In appellant's case, however, the shorter periods of absence were clearly included within the period of absence initially charged. Therefore, the new specifications did not change the nature of the charged offense, and the statute of limitations as to appellant's periods of absence after 3 July 1978 was properly tolled by the receipt of the original sworn charge.

 Finally, we note that the sentence adjudged and approved on review below, bad conduct discharge, confinement at hard labor for 50 days, and reduction to pay grade E–1, was less than that specified by the pretrial agreement. We find this sentence appropriate for this appellant and his offenses.

Accordingly, the findings of guilty and the sentence approved on review below are affirmed.

Judges MITCHELL and BARR concur.