UNITED STATES

v.

**James W. FRITZ, 293 42 5164, Engineman First Class (E–6), U.S. Navy.**

**NMCM 89 3913.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 Sept. 1989.

Decided 9 Aug. 1990.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LCDR David T. Patterson, JAGC, USNR–R, Appellate Defense Counsel.

LT Kirk A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, WILLEVER and FREYER, JJ.

FREYER, Judge:

The appellant, a highly decorated Vietnam combat veteran, was charged with absence without leave from 4 December 1987 to 6 July 1989. He pled guilty and, during the providence inquiry, told a tale of having been incarcerated by civil authorities far from his unit for driving under the influence on 10 January 1988; having contacted a local chief petty officer by telephone on or about that date; having been released from civil confinement on 25 January 1988; and having remained absent without leave until 6 July 1989. It appears that at no time was he being held by the civil authorities for the armed forces; that the chief petty officer neither took nor promised to take any steps to obtain custody of him; and that he failed to surrender to any military authorities in connection with the January 1988 events.

After accepting the appellant's guilty pleas, the military judge, without warning, found the appellant guilty by exceptions and substitutions of one absence without leave ending 10 January 1988 and, citing *United States v. Francis*, 15 M.J. 424 (C.M.A.1983), found him guilty of a second absence without leave beginning 25 January 1988 and ending 6 July 1989. The sentence was reduction to pay grade E–1 and a bad-conduct discharge. We specified issues raising the questions of whether or not the military judge's determination of two separate absences without leave was incorrect, and what, if any, effect such an incorrect determination would have on the sustainability of the findings.

■ In light of *United States v. Asbury*, 28 M.J. 595 (NMCMR 1989), we are quite satisfied that the appellant's responses showed no termination of the absence without leave begun on 4 December 1987 as a result of his encounter with civil authorities and his mere telephone call to a chief petty officer on 10 January 1988. On the contrary, the providence inquiry clearly indicates that there was, in fact, but a single period of absence without leave beginning 4 December 1987 and ending 6 July 1989.

Appellate government counsel agrees and concedes that the military judge's exclusion of the period from 10 to 25 January 1988, which is tantamount to a finding of not guilty as to that period, precludes our affirmance of a finding of a single absence without leave for the entire 4 December 1987—6 July 1989 period. He argues, however, that the "logical approach" would be to find the appellant guilty of a single unauthorized absence commencing 25 January 1988 and ending 6 July 1989.

■ Because it "sympathize[d] with the predicament of the prosecutor" in early termination cases, the U.S. Court of Military Appeals, via a dictum in *Francis*, while purporting to adhere to the recognition of absence without leave as an instantaneous offense, overruled the technically unexceptionable decision in *United States v. Reeder*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972), so as to allow a single specification of absence without leave to serve as a basis for multiple separate findings of guilty of as many individual absences without leave as could be shown to have occurred at divers times during the period of the single absence alleged in the specification. In order to invoke the *Francis* dictum, however, it must be shown that, for each separate finding of guilty, there was, in fact, a corresponding separate and distinct absence without leave, *United States v. Bush*, 18 M.J. 685 (NMCMR), *pet. denied*, 19 M.J. 28 (C.M.A.1984), for even *Francis* did not presume to overrule the venerable holding of *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951) that what is, in fact, a single and uninterrupted period of absence without leave may not be fragmented so as to be made the basis for conviction of more than one offense.

■ In this case, the record unequivocally establishes, by both the appellant's pleas and the military judge's findings, that the absence without leave committed by the appellant had as its inception date the date charged, 4 December 1987; and that much of his findings we unhesitatingly affirm. Thus, while it is sometimes permissible to employ a later inception date than that charged when the evidence fails to establish the charged inception date, *United States v. Harris*, 21 U.S.C.M.A. 590, 45

C.M.R. 364 (1972), we know of no rule of law that permits an appellate court to disregard a fully supported finding of the charged inception date in favor of an arbitrarily chosen later date for the sole purpose of prejudicing an appellant, as by nullifying a plea of the statute of limitations or the effect of an early termination. *Harris* makes clear that the inception date used must be supported by evidence, and, as the court stated in *United States v. Lynch*, 22 U.S.C.M.A. 457, 47 C.M.R. 498 (1973):

> No circumstances have been posited by the Government, and our imagination has not produced any, under which an accused can absent himself without authority, when he is already an unauthorized absentee.

In the instant case, the appellant was properly adjudicated to have been an unauthorized absentee on 4 December 1987, and, by virtue of both his provident and accepted pleas and the unrebutted presumption of continuance, he was still, in fact, an unauthorized absentee on 25 January 1988; consequently, he was both legally and factually incapable of absenting himself without authority anew on that date or any other after 4 December 1987 and before 6 July 1989. To adopt the appellate government's suggestion of affirming an absence without leave beginning on 25 January 1988 would, therefore, perpetrate an impermissible variance, which, of course, we must decline to do. *Cf. United States v. Wray*, 17 M.J. 375 (C.M.A.1984).

Since the pleas do establish a termination date, 6 July 1989, we are not limited to affirming an absence without leave of only one day, *cf. United States v. Lovell*, 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956); by virtue of the military judge's findings, however, we are precluded from affirming an absence without leave extending beyond 10 January 1988. Accordingly, we set aside the military judge's finding of guilty of absence without leave from 25 January 1988 to 6 July 1989, and affirm his findings of guilty of absence without leave from 4 December 1987 to 10 January 1988 and of the Charge. In light of the disparity between the finding affirmed by us and the total duration found by the military judge, we consider a primary redetermination of the sentence to be more appropriate than reassessment. The sentence is set aside, and the record of trial is returned to the Judge Advocate General for transmission to a suitable convening authority for the purpose of conducting a rehearing on the sentence only.

Judge WILLEVER concurs.

Senior Judge McLERAN (Absent).