# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Jonathan (NMN) PAJEAUD,
### Damage Controlman Third Class (E-4), U.S. Coast Guard Reserve

## CGCMS 24288

## Docket No. 1227

## 29 June 2006

Special Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at New Orleans, Louisiana, on 10 August 2004.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Patrick M. Flynn, USCG |
| Assistant Trial Counsel: | LT Angela R. Watson, USCGR |
| Defense Counsel: | LT Kristin V. Peraino, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT D. Sean Baer, USCGR |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of failure to go by not reporting to PSU 308 in Gulfport, Mississippi, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of missing movement, in violation of Article 87, UCMJ; and one specification of making a false official statement, in violation of Article 107, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to E-1. The Convening Authority approved the sentence as adjudged but suspended all confinement in excess of 180 days for

twelve months from the date of the Convening Authority's action, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant asserts that his plea to Charge I, regarding the failure to go, is improvident because the military judge failed to resolve inconsistencies between Appellant's statements and his guilty plea and, given the potential issues raised by Appellant's statements, failed to define the defense of inability for Appellant to consider. This assignment is rejected for the reasons discussed.

### Facts

Appellant, a member of the Coast Guard Reserve, was called to active duty on 7 July 2003, pending deployment to Kuwait with Port Security Unit (PSU) 308. After activation, he was ordered to report to PSU 308 in Gulfport, Mississippi, by 28 July 2003. Beginning sometime around 25 July, Appellant called his unit twice, spoke with a Lieutenant Snodgrass, and was granted a reporting delay until 29 July. Appellant testified that sometime after the second conversation with Lieutenant Snodgrass, on 28 July, he received a phone call from his divorce attorney, who, according to Appellant, told him that he needed to appear at a previously scheduled child support hearing in New Orleans at 0900 on 29 July 2003.

There is no evidence that Appellant explained his obligation to report to PSU 308 to his divorce attorney. Appellant, moreover, claimed it "slipped [his] mind" to call Lieutenant Snodgrass again to request an additional reporting delay. (R. at 57.) On 29 July, Appellant appeared at the child support hearing which concluded at around 1100. At some point during the day, Appellant decided that he would not deploy to Kuwait with PSU 308. Consistent with this intent, he did not proceed to his unit after the court hearing or advise his chain of command of the delay. Instead, Appellant reported to PSU 308 on the morning of 31 July 2003 and refused to board the airplane to Kuwait with the other members of his unit several days later.

### Assignment

Appellant asserts that his guilty plea to the failure to go charge was improvident because of his testimony during the providence inquiry that he was at a child support hearing from 0900

2

to 1100 on 29 July 2003. According to Appellant, this testimony set up an inconsistency with the guilty plea by raising the defense of inability. *See* Article 45, UCMJ; Rules for Courts-Martial 916(i), Manual for Courts-Martial, United States (2002 ed.).

The law regarding a statement by an accused that conflicts with his guilty plea is well-settled. If the accused sets up matters inconsistent with the guilty plea or the facts stated in support of it, the military judge must inquire into the circumstances and reject the plea if the conflict is not resolved. *United States v. Lee*, 16 M.J. 278, 280 (C.M.A. 1983) (*citing* Article 45, UCMJ; *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980); *United States v. Moglia*, 3 M.J. 216 (C.M.A. 1977)). The accused's trial statements are taken at face value; their credibility is not part of the analysis. *Lee*, 16 M.J. at 281(*citing United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A. 1976)). However, there must be some "substantial indication of direct conflict between the accused's plea and his following statements" before they are inconsistent. *United States v. Pinero*, 60 M.J. 31, 33 (C.A.A.F. 2004) (*quoting United States v. Logan*, 22 USCMA 349, 351, 47 C.M.R. 1, 3 (C.M.A. 1973)). Moreover, taking the accused's statements at face value means just that. There is no requirement to draw all possible inferences that tend to increase the apparent conflict between the plea and his testimony.

In this case, there was *no* actual conflict between Appellant's plea and his testimony, never mind a substantial indication of a direct conflict. As seen in the charge sheet, Appellant was charged with, and later convicted of, failing to report to PSU 308 "on or about 29 July 2003." No reporting time is mentioned in either the charge sheet or during the providence inquiry. Thus, Appellant only completed this offense when he failed to arrive at PSU 308 before 0000 on 30 July 2003.

According to Appellant, PSU 308 was located approximately eighty miles from the site of the civil court hearing in New Orleans. (Appellant Br. 3, n.1.) The court hearing concluded at around 1100 on 29 July, leaving Appellant over twelve hours to travel the eighty miles to Gulfport. Appellant agreed that he could have reported to Gulfport on 29 July, even with the delay caused by the court hearing. (R. at 58.)

It is true that the military judge later elicited an unhelpful comment from Appellant that reporting to PSU 308 was "more important than a child support issue." (R. at 61.) It is also true that the military judge did not fully follow the sound advice in *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A. 1976), to clearly and concisely explain the elements of any suggested defense before eliciting additional facts to establish that the defense was not available. Nonetheless, the military judge did elicit that Appellant could have reported to PSU 308 on or about 29 July 2003 after attending the court hearing. Taking Appellant's testimony at face value, we, therefore, find no inconsistency between it and the guilty plea. The testimony, as such, did not raise the potential defense of inability that would cause a need to define that defense.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge BAUM and Judge KANTOR concur.



For the Court,


Jane R. Lim
Clerk of the Court