UNITED STATES, Appellee

v.

Stanley L. HARDEMAN, Jr., Senior Airman
U.S. Air Force, Appellant

No. 03-0208

Crim. App. No. S30117

_____

United States Court of Appeals for the Armed Forces

Argued October 22, 2003

Decided April 20, 2004

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and ERDMANN JJ., joined.


Counsel


For Appellant:  Captain L. Martin Powell (argued); Colonel
Beverly B. Knott (on brief); and Major Terry L. McElyea.

For Appellee:  Captain Michelle M. Lindo (argued); Colonel
LeEllen Coacher, Major John D. Douglas and Major James K.
Floyd (on brief); Lieutenant Colonel Robert V. Combs and
Lieutenant Colonel Lance B. Sigmon.



Military Judge:  Kurt D. Schuman

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION

Judge BAKER delivered the opinion of the Court:

Pursuant to his pleas, Appellant was convicted by a special court-martial, military judge alone, of one specification of unauthorized absence and one specification of failure to go in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886 (2000). The adjudged sentence provided for a bad-conduct discharge, confinement for four months, and reduction to pay grade E-1. In accordance with a pretrial agreement, the convening authority approved confinement for two months, but otherwise approved the sentence as adjudged. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. This Court granted review to determine:

> WHETHER APPELLANT'S GUILTY PLEA TO SPECIFICATION 1 OF
> THE CHARGE IS IMPROVIDENT BECAUSE THE MILITARY JUDGE
> FAILED TO ELICIT FACTS FROM APPELLANT TO SUPPPORT THAT
> HIS ABSENCE FROM HIS UNIT WAS WITHOUT PROPER
> AUTHORITY.

Appellant was charged with absenting himself without authority from his unit on or about November 1, 2001, and remaining absent until apprehended on or about December 14, 2001.[1] During his providence inquiry, Appellant set forth

---

[1] Appellant has not challenged the providence of his guilty plea to Specification 2 alleging an unrelated failure to go.

2

matters inconsistent with a plea of guilty to an unauthorized absence on November 1. As a result, we are left with a substantial basis in law and fact to question the plea and we reverse as to Specification 1 of the Charge.

FACTS

Appellant reported to Tinker Air Force Base, Oklahoma, on October 22, 2001. At the time, Appellant was a 26 year-old E-4 with 44 months active duty service and was married with two dependents. Prior to joining his unit, the 72nd Security Forces Squadron, Appellant was required to attend training between October 22 and October 29. Appellant's stipulation of fact indicated that when he had not yet reported to training on October 25, his supervisor, Staff Sergeant (SSgt) Brian Andrew, called Appellant at home. SSgt Andrew gave Appellant permission to stay home that day and told him to report to training the following morning. Appellant reported one hour late. On Monday, October 29, SSgt Andrew released Appellant from the training course. Appellant was not thereafter present for duty with his unit until he was apprehended on December 14 at his local residence.

The stipulation of fact also states that "[i]f called to testify, SSgt Andrew would say he instructed the accused

to report to 'A' flight, day shift on 1 November, 2001."
However, during the providence inquiry Appellant maintained
that SSgt Andrew did not give him a specific date to report
for duty and that he was expecting a telephone call
advising him when he should report.  In Appellant's words:

> I was supposed to report to duty -- I left training
> and I was supposed to receive a phone call. I never
> received the phone call, so I never reported to duty.
> Around December 14th, as the document states, I was
> apprehended at my home and brought down to the LE
> station; but, I was waiting for the phone call so
> that's why I never came to duty. During the time that
> I left training, a couple of days after, I never
> received the phone call. I know the phone call was
> supposed to come, but I never — I didn't call back; I
> was waiting to see if they were going to call back.
> And, days went into weeks, and weeks into that month
> and I never went in to work.

Upon further questioning, Appellant insisted that he was
not given a specific date and time to report for duty:

> MJ: . . . Now, do you recall Staff Sergeant Andrew
> instructing you to report to "A" Flight day shift on 1
> November of 2001?
>
> ACC: I recall him saying that he would give me a call.
> The date, exactly, I don't recall him saying.
>
> . . . .
>
> MJ: Okay. So, as of the 29th -- now, what the
> stipulation says is that if Staff Sergeant Andrew were
> to testify, that he would testify that he did tell you
> to report to "A" Flight day shift on 1 November of
> 2001. Do you agree with that? That, in fact, that's
> what he would say?
>
> ACC: Yes, I agree that's what he would say is the
> truth.

4

MJ: Okay, but you have -- did you know that you were going to be assigned to "A" Flight?

ACC: Yes, sir, he told me "A" Flight.

MJ: Okay, so there's no question in your mind that you were assigned to "A" Flight?

ACC: Right.

MJ: Okay. Now, if he says you were supposed to report on 1 November — okay, that's what he would testify to, right? Now you don't recall him necessarily saying that?

ACC: No, sir.

MJ: And, you expected a phone call?

ACC: Yes, sir.

Appellant acknowledged that he had no accrued leave and that he should have called his unit, especially because "everybody was pretty busy" and "working long hard hours" in the month following September 11, 2001.  The military judge continued:

MJ: Now, after a couple of days, you should have known that somebody missed something. Now, this is assuming that no one told you to report on the 1st of November, right?

ACC: Right.

MJ: Now, if you were waiting for the phone call and it didn't come for a few days, you should have called in, right?

ACC: Yes, sir.

. . . .

5

> MJ: And, it became even more obvious after two and three and four and five weeks had passed?
>
> ACC: Yes, sir.
>
> MJ: So, what I'm getting at here is maybe there was a misunderstanding early on during this charged time period; but as time passed, you knew better. You knew you should be getting back to your unit.
>
> ACC: Yes, sir.
>
> . . . .
>
> MJ: So, do you agree that, on or about 1 November 2001, that you absented yourself from your organization?
>
> ACC: Yes, sir.
>
> MJ: And, that your absence was without proper authority from someone who could give you leave?
>
> ACC: Yes, sir.

Based on this colloquy and Appellant's stipulation of fact, the military judge accepted Appellant's plea of guilty to an unauthorized absence on or about November 1 and ending with his apprehension on December 14, a period of 43 days. In summary, Appellant persistently asserted that he was waiting for a telephone call to inform him when he was to report for duty. Appellant also explained that the person he expected to call him, SSgt Andrew, had previously authorized his absences.

On appeal, Appellant argues that his statements during the providence inquiry regarding the time and place at

which he was required to report for duty were inconsistent with his plea to unauthorized absence on or about November 1.

The Government responds that Appellant admitted to all the elements of the offense before the military judge, therefore, there is no substantial basis on which to question the plea.

DISCUSSION

A court shall not accept a plea of guilty where "an accused . . . sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently . . . ."  Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2000).  Nor shall a court accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea."  Rule for Courts-Martial [hereinafter R.C.M.] 910(e).  See United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

A guilty plea will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea.  United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991); United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F. 2002). In this case the record of trial includes the colloquy between Appellant and the military

7

judge and a stipulation of fact, as well as any inferences
reasonably drawn from the record.  See Care, 18 C.M.A. at
540, 40 C.M.R. at 252.

A service member commits the offense of unauthorized
absence, Article 86, when it is shown:

(a)  That the accused absented himself or herself
     from his or her unit . . . at which he or
     she was required to be;

(b)  That the absence was without authority from
     anyone competent to give him or her leave;
     and

(c)  That the absence was for a certain period of
     time.[2]

A definitive inception date is indispensable to a
successful prosecution for unauthorized absence.  United
States v. Harris, 21 C.M.A. 590, 593, 45 C.M.R. 364, 367
(1972).  Moreover, the Manual for Courts-Martial, United
States (2002 ed.), Part IV, para. 10.e., authorizes
increased punishments based upon, among other things, the
duration of the absence.  Thus, it necessarily follows that
in addition to establishing that an unauthorized absence
offense has been committed at all, a precise inception date
is required in determining the duration of the absence.
"The length of an unauthorized absence is the essential
element in determining the legal punishment for the

---

[2] In this case an additional element was termination by apprehension.

offense." United States v. Francis, 15 M.J. 424, 427 (C.M.A. 1983)(citation omitted).

In Appellant's case, the providence inquiry revealed an inconsistency between the stipulation of fact and Appellant's statements during the plea inquiry. Although there may have come a point between November 1 and December 14 when Appellant was absent without authority, the record does not fix a date of inception. The judge made several comments reflecting his understanding of Appellant's belief that he would receive a telephone call including the following: "maybe there was a misunderstanding early on during this charged time period," and "you may feel that you have some justification for a few days here." But the providence inquiry does not ultimately reveal the date on which Appellant was willing to admit he absented himself without authority.

On the one hand, when asked directly by the military judge whether he agreed that he absented himself without proper authority on November 1, Appellant responded "Yes, Sir." On the other hand, Appellant indicated repeatedly that he was waiting for a telephone call and that it only became obvious over a matter of weeks that he should have called. The military judge's colloquy with Appellant did not resolve this inconsistency or otherwise establish that

Appellant lacked authority to remain away from his unit on or about November 1. Rather than focusing on a precise date for the inception of the Appellant's unauthorized absence, the military judge confirmed only that "it became more obvious after two and three and four and five weeks had passed" that Appellant "knew better" and should have contacted or returned to his unit.

As noted above, Article 86 authorizes increased punishments depending on the duration of the unauthorized absence, and it is only for an absence greater than 30 days that an accused becomes eligible for punitive discharge. Thus, for this particular offense, Appellant was only exposed to a punitive discharge if the date of inception was more than 30 days before December 14, or on November 13.[3]

Finally, the Government argues that it is implausible for someone of Appellant's grade and experience to believe he was authorized to remain away from his unit until telephoned. While this is certainly a valid consideration in a contested case, in order to plead guilty, Appellant

---

[3] We are cognizant of the fact that in this case, neither an absence of 30 days or less nor the accompanying failure to go offense would authorize a punitive separation individually. However, under the escalator clause of Rule for Courts-Martial 1003(d)(3), the combined maximum authorized punishment includes confinement for seven months, theoretically exposing Appellant to a punitive discharge.

10

must admit to a date that is in fact "on or about" November 1.  Here, for whatever reasons, Appellant refused to do so. A guilty plea must be an admission to all the elements of a formal criminal charge.  Care, 18 C.M.A. at 539, 40 C.M.R. at 251.  Because the record does not support the legal determination that Appellant conceded that his absence was without authority on the charged date, there is a substantial basis in law and fact to question his plea.

## CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 1 of the Charge.  The finding of guilty to Specification 1 and the sentence are set aside.  The record of trial is returned to the Judge Advocate General of the Air Force.  A rehearing is authorized.