# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ZACHARY F. CONWAY**
**United States Army, Appellant**

ARMY 20120708

Headquarters, 82d Airborne Division (Rear) (Provisional) (pretrial)
Headquarters, 82d Airborne Division (post-trial)
Tara A. Osborn, Military Judge
Lieutenant Colonel Paul J. Cucuzzella, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Aaron R. Inkenbrandt, JA (on brief); Colonel Kevin Boyle, JA; Lieutenant Colonel Charles D. Lozano, JA; Captain Aaron R. Inkenbrandt, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Daniel H. Karna, JA (on brief).

21 November 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, four specifications of larceny, four specifications of wrongful appropriation, and one specification of forgery, in violation of Articles 86, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 923 (2006) [hereinafter UCMJ], respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for forty-eight months, and reduction to the grade of E-1. The convening authority approved a bad-conduct discharge, confinement for thirteen months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Of appellant's three assignments of error, two warrant discussion, but only one warrants

relief. Appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.

## BACKGROUND

On multiple occasions, appellant wrongfully appropriated another soldier's debit card, issued by TCF Bank. He used the card to make several unauthorized purchases from the Army Air Force Exchange Service on Fort Bragg, North Carolina. Each time he used the card, appellant signed an electronic pad falsely indicating that he was an authorized user of the card. After making purchases, appellant returned the card to ensure that the rightful owner did not know that appellant had taken the card from his wallet.

During the providence inquiry, appellant admitted that he stole from a fellow Soldier's TCF Bank savings account and that account showed a loss of over $14,000 caused by appellant's unlawful use of the debit card.[1] Appellant expressly stated that TCF Bank had possession of the U.S. currency before he forged the signatures and took the money. Additionally, appellant agreed that the U.S. currency belonged to TCF Bank, and that when appellant made the unauthorized transactions, the U.S. currency came from TCF Bank. Appellant was separately convicted, among other offenses, of wrongfully appropriating the Soldier's card and wallet on numerous occasions and forgery for falsely signing the electronic pad.

## LAW AND DISCUSSION

Article 45, UCMJ, requires the plea to be rejected if the accused sets up a "matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect . . . ." A military judge must both explain the elements of an offense and elicit a factual basis to support each element of the offense. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002). "We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

---

[1] Although appellant chose to use the credit function, since he did not know the personal identification number, he agreed with the military judge that the debit card functioned like an ATM card in that it transferred currency from TCF Bank to him to pay for merchandise he ultimately received from the merchant.

### a. Proper Victim of the Larceny

Appellant argues that the military judge abused her discretion in accepting guilty pleas to larceny of property of TCF Bank when those larcenies involved the unauthorized use of the victim's TCF Bank issued debit card under false pretenses. Essentially, appellant argues that the larcenies at issue were obtaining-type larcenies of retail goods of a merchant by false pretenses. *See Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 46.c.(1)(h)(vi) ("Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense. Such use to obtain goods is usually a larceny of those goods from the merchant offering them."). However, "alternative charging theories remain available if warranted by the facts." *United States v. Lubasky*, 68 M.J. 260, 264 (C.A.A.F. 2010) (citation omitted).

Here, the government proceeded upon a valid alternative charging theory because TCF Bank suffered a financial loss. Appellant explicitly acknowledged TCF Bank had possession of the U.S. currency and that the U.S. currency also belonged to TCF Bank. Appellant further acknowledged that the U.S. currency came from TCF Bank when he made his unauthorized transactions. These factual admissions create a sufficient factual predicate to appellant's guilty plea. Put more simply, the clear inference from appellant's admissions is that TCF Bank suffered a financial loss, and thus was a proper victim in this case.[2] *Cf. United States v. Cimball Sharpton*, 73 M.J. 299, 301 (C.A.A.F. 2014) ("We view this as a case where such an alternative charging theory should apply, given that it was neither the merchants nor U.S. Bank but the Air Force who suffered the financial loss resulting from [a]ppellant's larceny."); *United States v. Endsley*, __ M.J. ___, 2014 CCA LEXIS 786 (Army Ct. Crim. App. 17 Oct. 2014).

### b. Inconsistent Dates

Appellant argues – and the government concedes – that the military judge abused her discretion by failing to resolve the inconsistency between appellant's plea of guilty to Specifications 3 and 4 of Charge II and the stipulation of fact. Simply put, the stipulation of fact expressly states that appellant engaged in criminal conduct in December 2010 and, "*after a few months break*," appellant started taking the debit card "again in March 2011." (emphasis added). The problem is that Specifications 3 and 4 of Charge II allege criminal conduct in January 2011. Further, the military judge's colloquy with appellant did not clarify this ambiguity

---

[2] We may draw reasonable inferences from the record when reviewing the providence of guilty pleas. *See United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004) ("In this case the record of trial includes the colloquy between [a]ppellant and the military judge and a stipulation of fact, as well as any inferences reasonably drawn from the record.").

regarding "a few months break." While the government's concession is generous, it is not unreasonable.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of Specifications 3 and 4 of Charge II are set aside. The remaining findings of guilty are AFFIRMED. We have determined that we can reassess the sentence based upon the factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). We first find no dramatic change in the sentencing landscape. Second, appellant was sentenced by a military judge alone. Third, appellant remains convicted of the gravamen of his criminal conduct. Fourth, we have experience with the remaining offenses to determine reliably what sentence would have been imposed at trial. Accordingly, the sentence is AFFIRMED

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court