# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TYLER S. HEBERT**
**United States Army, Appellant**

ARMY 20130661

Headquarters, 7th Infantry Division
Craig Denney and Jeffrey D. Lippert, Military Judges
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian D. Andes, JA (on brief and supplemental brief) Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on reply brief); Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on motion for reconsideration). .

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Nathan S. Mammen, JA (on brief).

11 March 2016

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

BURTON, Judge

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of absence without leave, wrongful distribution of a Schedule III controlled substance, wrongful use of a Schedule III controlled substance, eighteen specifications of larceny, and general disorder, in violation of Articles 86, 112a, 121 and 134 Uniform Code of Military Justice, 10 USC 886, 912a, 921, 934 (2006; 2012) [hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, reduction to the grade of E-1,

---

[1] The military judge conducted the providency inquiry for larceny by taking, as the appellant was charged. Appellant actually committed a larceny by false pretense as he wrongfully used debit cards and electronic transactions to obtain goods.

confinement for forty-two months, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence, except for that portion extending to confinement in excess of 20 months,[2] and credited appellant with 159 days against the approved term of confinement.

After review pursuant to Article 66, UCMJ, this panel summarily affirmed the findings of guilty and the sentence. *United States v. Hebert*, ARMY 20130661 (Army Ct. Crim. App. 8 Jan. 2016). On 9 February 2016, we granted appellant's motion to reconsider our decision, though we declined the suggestion we do so en banc. Finding merit in appellant's reconsideration request, we set aside our prior decision, affirm the findings of guilty in part, and affirm the sentence.

## BACKGROUND

At trial, appellant pleaded guilty to Charge I and its 18 specifications alleging larceny of United States currency, the property of two victims, Specialist (SPC) JF and SPC AM.[3]

During the providence inquiry concerning the larceny offenses, appellant admitted that while he was deployed from 4 September 2009 through 29 December 2009, he, without permission, used SPC JF's and SPC AM's (his roommates) debit cards to make eighteen separate purchases of retail goods online.[4] During the inquiry into Specification 1 of Charge I, appellant agreed when the military judge characterized the nature of the theft by asking "[s]o, in essence it was like you reached into [SPC JF's] wallet and grabbed cash and took it and gave it to the company." Throughout the providence inquiry for Charge I and its specifications, the military judge characterized appellant's actions as stealing money from these SPCs. The stipulation of fact also styled the SPCs as the victim ("Like [SPC JF], [SPC AM] has never been reimbursed for the money he lost") and includes the admission from appellant that he wrongfully took "money" from SPCs JF and AM. Neither of the Specialists' financial institutions nor the online retailers were

---

[2] Pursuant to a pretrial agreement, the convening authority agreed to disapprove any confinement in excess of 36 months. Notwithstanding this agreement, the convening authority followed the staff judge advocate's recommendation to grant this reduction in confinement "as a matter of clemency."

[3] Specifications 1 – 5, 7 – 10, 17 and 18 of Charge I each alleged larceny from SPC JF of currency of a value of less than $500, while Specifications 6 and 11 alleged larceny of currency of a value of more than $500. Specifications 13 and 15 each alleged larceny from SPC AM of currency of a value of less than $500, while Specifications 12 and 14 alleged larceny of currency of a value of more than $500.

[4] These purchases included illegal steroids, electronic items, gift cards and flowers.

2

mentioned as "victims" in the stipulation of fact or by the military judge during the plea inquiry.

## LAW AND DISCUSSION

We review a military judge's acceptance of a plea for abuse an of discretion, applying "the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *United States v. Smead*, 68 M.J. 44, 65 (C.A.A.F. 2009) (quoting *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea - an area in which we afford significant deference." *Inabinette*, 66 M.J. at 322 (citing *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F. 2002)).

A military judge has the responsibility to conduct a thorough inquiry to ensure there is an "adequate basis in law and fact to support the plea before accepting it." *Inabinette*, 66 M.J. at 321-22 (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). As to the factual basis to support a plea, the military judge must explain each element of the charged offense and question the accused "about what he did or did not do, and what he intended . . . ." *United States v. Davenport*, 9 M.J. 364, 366 (C.M.A. 1980) (quoting *United States v. Care*, 40 C.M.R. 247, 253 (1969)). "It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty." *Jordan*, 57 M.J. at 236 (citation omitted). In determining whether a guilty plea is provident, the military judge may consider the stipulation of fact, the colloquy with appellant, and any reasonable inferences drawn therefrom. *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004) (citation omitted).

The military judge failed to establish appellant actually took money from SPCs JF and AM. A review of the entire record shows, in fact, appellant never physically took money from either roommate. Rather, appellant obtained goods via online purchases using their debit cards.

Larceny using another person's credit or debit card "is usually a larceny of those goods from the merchant offering them." *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 46.c(1)(h)(vi). "The relevant question in determining the person to name in a larceny specification is *whom* did the accused steal the goods or money *from*?" *United States v. Williams*, 75 M.J. __, 2016 CAAF LEXIS 122, at *8 (C.A.A.F. 23 Feb 2016). "[T]ypically, when larceny is by means of a wrongful credit or debit transaction, the money or goods were wrongfully obtained *from* the merchant or banks, making them the person stolen from." *Id.* Here, appellant did not abuse an authorization by SPCs JF and AM to use their debit cards, a situation that perhaps would have made them the proper victim of appellant's thefts. *See*

3

*United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010). He instead used the cards without their knowledge in obtaining the items from the online retailers.

We therefore find a substantial basis in fact to question appellant's pleas to Charge I and its specifications. *Inabinette*, 66 M.J. at 322.

## CONCLUSION

The findings of guilty as to Charge I and its specifications are set aside. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *Sales*, 22 M.J. 205 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), we AFFIRM the sentence as approved by the convening authority.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court