# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JESUS M. RODRIGUEZ**
**United States Army, Appellant**

ARMY 20150043

Headquarters, 8th Theater Sustainment Command
Gregory A. Gross, Military Judge
Colonel Anthony T. Febbo, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Major Brian W. Song, JA.

For Appellee:  Major Daniel D. Derner, JA.

31 March 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of sexual abuse of child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the findings and only so much of the sentence as provided for a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.  Further, the convening authority deferred adjudged forfeitures of pay and allowances until action, and waived automatic forfeitures of pay and allowances for a period of six months.

This case is before us for review under Article 66, UCMJ.  Appellant personally raised two matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which warrants discussion but no relief.

**LAW AND DISCUSSION**

We review a military judge's decision to accept a plea of guilty for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will be set aside on appeal only if an appellant can "show 'a substantial basis' in law or fact" to question the plea. *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322; *see* UCMJ art. 45; *see also* Rule for Courts-Martial 910(e). In determining whether a guilty plea is provident, the military judge may consider the stipulation of fact, the colloquy with appellant, and any reasonable references drawn therefrom. *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 540, 40 C.M.R. 247, 252 (1969)).

In his *Grostefon* submission, appellant asserts both specifications to which he pleaded guilty fail to state an offense and should be set aside. Specifically, appellant believes "no reasonable fact-finder" could find he committed lewd acts by saying to a female child under sixteen years of age on two separate occasions, "How far would you go with me? We can do anything you want and I won't do anything more," or words to that effect, and, "Would you tell anyone if I kiss you," or words to that effect. At trial, after admitting a stipulation of fact (Prosecution Exhibit 1) into evidence, the military judge conducted a colloquy wherein he described the elements of Article 120b to appellant, followed by a discussion of those elements relative to the incidents that are the basis for the specifications.

We find the military judge did not abuse his discretion by accepting appellant's guilty plea. Nothing in the record raises a substantial question regarding the law or facts related to appellant's plea during trial. Nonetheless, appellant asks this court to consider the language from the specifications in a vacuum, while ignoring the circumstances that frame the context of his statements and his intent at the time he made them. To do so, we would have to disregard facts articulated in the stipulation and the colloquy, including that both offenses occurred when appellant woke the victim in the middle of the night, separated her from appellant's sleeping family, and uttered the statements to the victim while they were alone as he harbored the requisite specific intent necessary for committing a lewd act. In isolation, appellant's statements could appear benign, however, "[t]he meaning — or ambiguity — of certain words or phrases may only become evident when placed in context." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000).

## CONCLUSION

Upon consideration of the entire record, we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court